**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HIRAM JOHNSON,<br><br>                     Plaintiff,<br>v.<br><br>DAL GLOBAL SERVICES, LLC, aka<br>DELTA GLOBAL SERVICES,<br><br>                     Defendant. | Case No. 3:21-CV-00441-LRH-CLB<br><br>**ORDER DENYING MOTION REGARDING DISCOVERY DISPUTE AND ADOPTING PROPOSED PROTECTIVE ORDER**<br><br>[ECF Nos. 34, 38] |

Pending before the Court is Plaintiff Hiram Johnson's ("Johnson") motion regarding discovery dispute. (ECF No. 34.) Defendant Dal Global Services, LLC, aka Delta Global Services ("Defendant") responded to the motion regarding discovery dispute. (ECF No. 38.) The discovery dispute relates to a noticed Rule 30(b)(6) deposition and proposed protective order. For the reasons discussed below, Johnson's motion regarding discovery dispute (ECF No. 34) is denied and Defendant's proposed protective order (ECF No. 38-3 at 23-28) is adopted.

**I.     LEGAL STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a party from whom discovery is sought may move for a protective order to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking issuance of a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 784 F.2d 1108, 1121 (3d Cir. 1986)). Such a burden is carried by demonstrating a particular need for protection supported by specific

facts. *Id.* To that end, courts "insist[] on a particular and specific demonstration of fact, as distinguished from conclusory statements," to issue a protective order. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient. *Caesars Entertainment*, 237 F.R.D. at 432. A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

District courts possess "wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020)). Where grounds for a protective order have been established, courts have a variety of options to rectify the situation, including preventing the discovery or specifying the terms on which the discovery will be conducted. Fed. R. Civ. P. 26(c)(1)(A), (B).

**II.    DISCUSSION**

The instant case arises out of allegations of employment discrimination brought pursuant to Title VII of the Civil Rights Act, in relation to Johnson's employment with Defendant, and specifically related to an alleged failure to promote based on disparate treatment. (ECF No. 1.) In accordance with this Court's discovery dispute process, Johnson filed a motion requesting the Court to order Defendant to participate in a noticed 30(b)(6) deposition and to order Defendant to streamline its proposed protective order. (*See* ECF No. 34.)

In response, Defendant first argues Johnson's Rule 30(b)(6) issue is premature because it requires additional meet and confers as agreed upon by the parties' counsel. (ECF No. 38 at 2-3.) Defendants request that the Court grant a protective order preventing the 30(b)(6) deposition from going forward on June 20, 2022 and require Johnson to amend the Notice. (*Id.* at 6.) Defendant also asserts that the proposed protective order should be entered, and Johnson refuses to agree to it because

Johnson's counsel does not believe the parties should be able to designate their own documents as confidential. (*Id.* at 4-5.) The Court will address each issue in turn.

### A.     Rule 30(b)(6) Witness Notice

As an initial matter, the Court agrees with Defendant that Johnson's motion is premature. However, in reviewing Johnson's 30(b)(6) deposition notice, the Court also finds that the notice is overly broad and unduly burdensome as currently drafted. (ECF No. 38-3 at 2-22.) "The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015). A deposition taken pursuant to Rule 30(b)(6) requires a corporation to designate knowledgeable persons and "to prepare them to fully and unevasively answer questions about the designated subject matter." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Because of the burden and responsibilities imposed on the corporation, the deposing party, "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

That said, "[i]t is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything." *United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *8 (C.D. Cal. Oct. 26, 2016). "While [Rule] 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, courts have limited discovery where the breadth of subjects and number of topics identified in a [Rule] 30(b)(6) deposition notice renders a responding party's efforts to designate a knowledgeable person unworkable." *Reno v. W. Cab Co.*, Case No. 2:18-cv-00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (citing *Luken v. Christensen Grp. Inc.*, Case No. C16-5214 RBL, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018)).

"The reasonableness of the length and scope of a deposition notice turns on the circumstances of each case." *Reno*, 2020 WL 5902318, at *2 (citing *Bowers v. Mortgage Elec. Registration Sys., Inc.*, Civil Case No. 10-4141-JTM, 2011 WL 6013092, at *7 (D. Kan. Dec. 2, 2011) (holding that Rule 30(b)(6) deposition notice with 22 topics was

improperly excessive based on the circumstances of that case); *United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *8, 9 (C.D. Cal. Oct. 26, 2016) (finding in "undisputedly complex case" that a Rule 30(b)(6) notice with 12 pages of topics was impermissibly "vast")).

Johnson's Rule 30(b)(6) notice, which consists of 11 topics with 78 subtopics, is excessive and unreasonable given the circumstances of this case, including the relatively straightforward nature of the single claim and defenses. Rather than targeting those issues in which Rule 30(b)(6) testimony is truly needed, the deposition notice appears to have been drafted to cover nearly every conceivable facet of this litigation. This is improper, overly burdensome, and clearly disproportional to the needs of the case. Finally, burdening the defense with the task of trying to prepare a deponent on the 78 subtopics in the pending deposition notice is not appropriate in the circumstances of this case.

In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others. *Reno*, 2020 WL 5902318, at *3, n. 3, (citing *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, Case No. 3:05 CV 929 (CFD), 2007 WL 2460685, at *5 (D. Conn. Aug. 27, 2007)). Instead, courts generally issue a protective order precluding enforcement of the notice as currently drafted without prejudice to the issuance of a new notice with appropriately narrowed topics. *Id.*, (citing *Apple Inc. v. Samsung Elecs. Co.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *3 (N.D. Cal. Jan. 27, 2012)). Accordingly, the Court finds that the Amended Rule 30(b)(6) deposition notice as currently drafted is excessive and improper and should be redrafted in accordance with this order. Therefore, Johnson is ordered to redraft the current notice to comply with this order and to serve the amended notice on Defendant. If Defendant still objects to certain topics, the parties are required to meet and confer—in good faith—to resolve any outstanding objections and issues with the amended notice—without this Court's intervention—prior to filing any additional notices of discovery disputes.

### B. Defendant's Proposed Protective Order

As to Defendant's proposed protective order, Johnson has requested pay records and personnel files of third-party employees and Defendant has indicated it will produce relevant records upon entry of a protective order. As has been held in this District, employee and personnel records of third-party individuals are properly confidential. *See, Joseph v. Las Vegas Metro. Police Dep't*, No. 2:09-CV-00966-HDM-LRL, 2010 WL 5136010, at *5 (D. Nev. Dec. 10, 2010) (holding that courts routinely order parties to enter into an appropriate protective order to protect the personnel records that are disclosed of third-party individuals). Johnson appears to assert that Defendant and Johnson's counsel must meet and confer regarding every single document Defendant wishes to designate as confidential prior to a designation being made. The Court disagrees and specifically rejects the notion that a party cannot determine for itself whether documents should be designated as confidential pursuant to the terms of a protective order. Further, the Court has reviewed the proposed protective order and finds no issue with it as drafted and accordingly, the Court adopts the proposed protective order attached at ECF No. 38-3, pages 23-28.

### C. Additional Alleged Discovery Issues

In addition to the above issues, Johnson's motion also mentions several other potential discovery issues/disputes that he claims exist between the parties relative to written discovery but states he "does not presently seek the Court's intervention on these matters." (*See* ECF No. 34.) The disputes described by Johnson are stated as "deficiencies in 13 interrogatory responses, 15 document requests and 98 requests for admission." (*Id.* at 5.) Thus, it appears Johnson is taking issue with large swaths of discovery responses by Defendant. The Court reminds the parties and their counsel that they should strive to be cooperative, practical, and sensible during discovery, and should only seek judicial intervention "in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d. 1137, 1145 (D. Nev. 2015) (citation omitted). "Discovery is supposed to proceed with minimal involvement of

the Court." *Id.* (emphasis added.) The Court will not look favorably upon any party or attorney who fails to be cooperative, practical, and sensible during the discovery process or who chooses to object to or argue over excessive numbers of discovery requests or responses without limitation. This Court expects the parties and their counsel to work together on discovery going forward and that issues to be brought to the Court's attention should be limited to only those matters that the parties truly cannot resolve on their own after good faith meet and confer sessions have been held and failed. The failure of either party or attorney to cooperate fully in the discovery process will result in sanctions.

### III. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Johnson's motion regarding discovery dispute (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Johnson serve a narrowed Rule 30(b)(6) deposition notice in compliance with this order.

**IT IS FURTHER ORDERED** that Defendant's request that the proposed protective order (ECF No. 38-3 at 23-28) be issued, is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall execute and file the protective order, attached at ECF No. 38-3, pages 23-28, by no later than **June 15, 2022**.

**IT IS SO ORDERED.**

DATE: June 7, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**