RICK D. ROSKELLEY, ESQ., Bar No. 3192
ETHAN D. THOMAS, ESQ., Bar No. 12874
KELSEY STEGALL, ESQ., Bar No. 10227
LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:   702.862.8800
Fax No.:        702.862.8811
Email: rroskelley@littler.com
           edthomas@littler.com
           kstegall@littler.com

*Attorneys for Defendant*
UNIFI AVIATION, LLC (f/k/a DAL Global Services, LLC dba Unifi)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HIRAM JOHNSON,<br><br>         Plaintiff,<br><br>v.<br><br>DAL GLOBAL SERVICES, LLC, aka DELTA GLOBAL SERVICES,<br><br>         Defendant. | Case No. 3:21-cv-00441-LRH-CLB<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant Unifi Aviation, LLC (f/k/a DAL Global Services, LLC dba Unifi) ("Defendant") and Plaintiff Hiram Johnson ("Plaintiff") (collectively the "Parties"), by and through their respective counsel of record, hereby stipulate that in order to protect the confidentiality of information produced by the parties in connection with this case, the Parties agree as follows:

1.   Any party may designate as "CONFIDENTIAL" (by stamping the relevant page or labeling the item or as otherwise set forth herein) any item, piece of information, document or response to discovery, which that party considers in good faith to contain information involving personal and confidential information of third-parties or non-parties, trade secrets, or sensitive and/or confidential medical, business or financial information of the Parties, that is subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas  NV  89169-5937
702.862.8800

appears shall be so designated.

2. A Party may designate documents, items, or information disclosed during a deposition, in response to written discovery as "CONFIDENTIAL" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a Party may designate in writing, within fourteen (14) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other Party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all Parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the "CONFIDENTIAL" designation.

3. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the Party to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other Parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information marked "CONFIDENTIAL" shall not be disclosed to any person other than:

(a) the Parties and counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) any officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Stipulated Protective Order as Exhibit A (which shall be retained by counsel to the Party so disclosing the Confidential Information and made available for inspection by opposing counsel during the

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

   (e) any authors or recipients of the Confidential Information;

   (f) the Court, Court personnel, and court reporters; and

   (g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Exhibit A Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the Party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "CONFIDENTIAL" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

  5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  6. No Party shall file or submit for filing as part of the court record any document under seal without first obtaining leave of court. A Party seeking to file a document with any court with Confidential Information under seal must file a motion to seal that complies with the requirements of Nevada state and federal law including LR IA 10-5 and the directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

  7. A Party may designate as "CONFIDENTIAL" documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any Party may voluntarily disclose to others without restriction any information designated by that Party as confidential, although a document may lose its confidential status if it is made public.

  8. If a Party contends that any material is not entitled to "CONFIDENTIAL" treatment, such Party may at any time give written notice of each designation it is challenging and describing the basis for each challenge to the Party who designated the material. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring telephonically or in-person within 14 days of the date of service of notice. In conferring, the Parties shall discuss the Party's basis

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

for challenging the confidentiality designation, and the other Party's response to the same. If the Parties cannot resolve a challenge without court intervention, the Party who designated the material shall have twenty-one (21) days from the meet and confer to apply to the Court for an order designating the material as confidential. The Party seeking the order has the burden of establishing that the document is entitled to protection.

9.  Notwithstanding any challenge to the designation of material as Confidential Information, all documents or items shall be treated as "CONFIDENTIAL" and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the Party that claims that the material is Confidential Information withdraws such designation in writing; or

(b) the Party that claims that the material is Confidential Information fails to apply to the Court for an order designating the material "CONFIDENTIAL" within the time period specified above after the meet and confer process; or

(c) the Court rules the material is not "CONFIDENTIAL."

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents or items no later than thirty (30) days after conclusion of this action to counsel for the Party who provided such information, or (b) destroy such documents within the time period upon consent of the Party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. This protective order will remain in full force and effect at all times during which any

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Party to this protective order or any person having executed the attached Exhibit A retains possession, custody, or control any confidential material.

Dated: June 10, 2022
Respectfully submitted,

/s/ Terri Keyser-Cooper
TERRI KEYSER-COOPER, ESQ.
LAW OFFICES OF TERRI KEYSER-COOPER

PETER C. WETHERALL
WETHERALL GROUP, LTD.

*Attorneys for Plaintiff*
HIRAM JOHNSON

Dated: June 10, 2022
Respectfully submitted,

/s/ Ethan D. Thomas
RICK D. ROSKELLEY, ESQ.
ETHAN D. THOMAS, ESQ.
KELSEY STEGALL, ESQ.
LITTLER MENDELSON, P.C.

*Attorneys for Defendant*
UNIFI AVIATION, LLC
(f/k/a DAL Global Services, LLC dba Unifi)

**IT IS SO ORDERED.**

Dated: June 13, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

5.

**EXHIBIT A**

**CERTIFICATION**

_____ declares that:

I reside at _____ in the city of _____, county _____, state of _____. I am currently employed by _____ located at _____ and my current job title is _____. I have read and believe I understand the terms of the Stipulated Protective Order dated _____ ("Protective Order"), filed in Case No. 3:21-cv-00441-LRH-CLB, pending in the United States District Court for the District of Nevada. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any documents electronically stored information or copies of documents or electronically stored information, designated "CONFIDENTIAL" obtained pursuant to such Protective Order, or the content of such documents or electronically stored information, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or electronically stored information except for the purposes of this action and pursuant to the terms of the Protective Order. As soon as practicable, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, or destroy, any documents or electronically stored information in my possession designated as "CONFIDENTIAL", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents or electronically stored information. I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Dated: _____

_____(signed)

_____ (print name)

4881-8814-3396.1 / 111197-1023

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89169-5937
702.862.8800